1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON
7   UNITED STATES OF AMERICA,          )
                                       )   NOS.  CR-02-2207-WFN
8                    Plaintiff,        )         CR-04-2038-WFN
                                       )
9        -vs-                          )
                                       )   ORDER
10  JUBENAL MEDINA CEBALLOS,           )
                                       )   **U.S.M.S. ACTION REQUIRED**
11                   Defendant.        )
                                       )
12  ─────────────────────────────────

13       A motion hearing was held February 16, 2006 *via* video conference. The Defendant,

14  who is in custody, was present and represented by Richard Smith and

15  assisted by Court-appointed interpreter Levi Enriquez; Assistant United States Attorney

16  James Hagarty represented the Government.  Pending before the Court was Defendant's

17  Motion to Dismiss, filed January 6, 2006 (Ct. Rec. 182).  For the reasons discussed below,

18  the Court grants the Defendant's motion.

19                        **I.  BACKGROUND**

20       Defendant moves to dismiss the Superseding Indictment based on a Speedy Trial Act

21  violation.  The following is a summary of the relevant dates:

22       •    June 7, 2005: Court grants Defendant's Motion to Withdraw Guilty Plea.

23       •    June 8, 2005 - July 24, 2005: Days 1-47 of speedy trial time run.

24       •    July 25, 2005 - October 24, 2005: Excluded for speedy trial purposes based

25  on Defendant's Motion to Continue.  Defendant signed Waiver of Speedy Trial rights.

26       •    October 17, 2005:  Government files Motion to Continue.

ORDER - 1

• <u>October 18, 2005</u>: Hearing on Government's Motion, CM/ECF Speedy Trial Clock  mistakenly shows Defendant's speedy trial time-out as November 21, 2005.

• <u>October 18, 2005:</u> Court Grants Government's Motion to Continue, November 21, 2005 to November 28, 2005 is excluded for speedy trial purposes pursuant to 18 U.S.C. § 3161(h)(8)(A).

• <u>October 25, 2005</u> - <u>November 16, 2005</u>: Days 48-70 of speedy trial time run.

• <u>November 28, 2005</u> - <u>January 5, 2006</u>: Excluded for speedy trial purposes based on Defendant's Motions to Exclude AUSA James Hagarty and Court-Appointed Interpreter Levi Enriquez.

• <u>January 4, 2006</u> - <u>February 27, 2006</u>: Excluded for speedy trial purposes based on Defendant's Motion to Continue.  Defendant signed Waiver of Speedy Trial rights from January 4, 2006 through February 27, 2006.

## II. DISCUSSION

**A.  Speedy Trial Act Violation.**  As noted above, at the time of the Government's Motion to Continue, the jury trial was set for October 24, 2005.  At the October 18, 2005 hearing on the Government's motion, the Court found that the ends of justice required a continuance and excluded the time from November 21, 2005 through November 28, 2005. However, the time period the Court considered as excludable was based on the misinformation from the CM/ECF system, which reflected a Speedy Trial time-out of November 21, 2005.  It has now been determined, and it is uncontested by the parties, that the Speedy Time ran on November 16, 2005.

A review of the relevant case law reveals that the Ninth Circuit requires strict adherence to the time periods provided by the Speedy Trial Act.  The trial must commence within 70-days of filing date of the indictment, or the date the Defendant first appears before a judicial officer, whichever date last occurs.  18 U.S.C. § 3161(c).  The Act does enumerate specific periods of delay, including the "ends of justice" exclusion found in § 3161(h)(8).

ORDER - 2

1    When using § 3161(h)(8) to exclude a time period from Speedy Trial calculations,

2    the Court cannot make its "ends of justice" finding *nunc pro tunc*. *United States v. Frey*, 735

3    F.2d 350 (9th Cir. 1984).  In other words, the district court may not, subsequent to a grant of

4    a continuance, undertake for the first time to consider the factors and provide the findings

5    required by section 3161(h)(8) to exclude time under the Speedy Trial Act. *Id*.  Instead, the

6    "ends of justice" finding must be made at the time the continuance is granted. *United States*

7    *v. Engstrom*, 7 F.3d 1423 (9th Cir. 1993) (ends of justice finding made several weeks after

8    the continuance was granted could not cure a violation of the Speedy Trial Act).  The district

9    court should also be mindful that Congress did not intend for the "ends of justice" provision

10   to be used as a matter of course. *United States v. Lewis*, 980 F.2d 555 (9th Cir. 1992).

11   Moreover, an "ends of justice" exclusion is proper only if ordered for a ***specific period of time***

12   and ***justified on the record*** with reference to the factors enumerated in section 3161(h)(8)(B).

13   *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990)  (each "ends of justice"

14   continuance made by the trial judge must be justified with reference to the facts as of the time

15   the delay is ordered); *United States v. Pollack*, 726 F.2d 1456 (9th Cir. 1984) (same).

16   In the matter *sub judice*, the Court concludes that making a finding *today* that the

17   ends of justice would have required a continuance from November 16, 2005 to November 28,

18   2005 would be a prohibited *nunc pro tunc* finding.  Because there is no other basis to exclude

19   the time period at issue, a violation of the Speedy Trial has occurred and dismissal is

20   mandated.

21   **B.  Dismissal With or Without Prejudice.**  Whether dismissal is with or without

22   prejudice is to be determined based on three factors: (1) the seriousness of the offense; (2) the

23   circumstances leading to dismissal; and (3) the impact that reprosecution would have on the

24   administration of the Act and on the administration of justice.  18 U.S.C. § 3162(a)(2).  Here,

25   the factors weigh in favor of a dismissal without prejudice.  These are serious charges, the

26   Defendant is indicted for two counts of distribution of more than 50 grams of

methamphetamine and conspiracy to commit the same. The Court also considers the "seriousness" of the delay, which in this matter was not lengthy. *Compare, United States v. Clymer*, 25 F.3d 824 (9th Cir. 1994). The circumstances leading to the dismissal were also not the result of any bad faith on the part of the Government. Finally, reprosecution will not have a negative impact of the administration of justice because the parties have made most of their preparations for trial.

One issue which the parties have not raised is whether the law of the case will apply to any new indictment. The doctrine typically applies to the "same" case when the parties in the subsequent proceeding were also the parties to the former matter. Although the Court does not express any final opinion on this issue, it appears that the law of the case and/or collateral estoppel may preclude the parties from re-arguing any previously decided pretrial motion should the Government decide to pursue a new Indictment. *See e.g., United States v. Alexander*, 106 F.3d 874, 877 (9th Cir. 1997) (a mistrial is not a basis for reconsideration of a previously decided issue). Accordingly,

**IT IS ORDERED** that:

1. Defendant's Motion to Dismiss the Indictment in CR-02-2207, **Ct. Rec. 193**, is **GRANTED**.

2. The Superseding Indictment in **CR-02-2207**, **Ct. Rec. 170**, is **DISMISSED** *without prejudice*.[1]

3. The March 27, 2006 jury trial in **CR-04-2038** is **CONFIRMED**.

4. A pretrial conference in **CR-04-2038** shall be **SET for March 16, 2006, at 10:45 a.m., in Yakima**, Washington. **Counsel: Please note the change in date and time**.

---

[1] The Complaint (Ct. Rec. 1) and Original Indictment (Ct. Rec. 14) are no longer active charging documents. However, those too would be dismissed without prejudice pursuant to 18 U.S.C. § 3162(a)(2).

ORDER - 4

5.  The United States Marshal Service is **DIRECTED** to release the Defendant on CR-02-2207.  However, the Court notes that the Defendant is still **<u>subject to detention</u>** on CR-04-2038 (Ct. Rec. 18; CR-04-2038).  Any argument regarding whether continued detention on CR-04-2038 is appropriate should be raised in front of Magistrate Judge Michael Leavitt.

The District Court Executive is directed to file this Order and provide copies to counsel, the United States Marshal Service **AND TO** Magistrate Judge Leavitt.

**DATED** this 16th day of February, 2006.


_____s/ Wm. Fremming Nielsen_____
WM. FREMMING NIELSEN
SENIOR UNITED STATED DISTRICT JUDGE

02-16

ORDER - 5